UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW MURPHY, ET AL.,

       Plaintiffs,

v.                                                    Case No.  8:06-cv-2142-T-24 TBM

CIMARRON MORTGAGE COMPANY,
ET AL.,

       Defendants.

_____/

## ORDER

     This cause comes before the Court on Defendant Cimarron Mortgage Company's ("Cimarron") Motion to Strike Demand for Jury Trial.  (Doc. No. 8).  Plaintiffs oppose the motion.  (Doc. No. 9).

### I.  Standard of Review for a Motion to Strike

     Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

### II.  Background

     Plaintiffs filed suit against Defendants for unlawful debt collection practices regarding their mortgage.  Plaintiffs assert two claims against Defendants: (1) Count I: a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"); and (2) Count II: a claim for violation of

the Florida Consumer Collection Practices Act ("FCCPA").  In response, Defendant Cimarron

filed the instant motion to strike Plaintiffs' demand for a jury trial.

### III.  Motion to Strike

Cimarron argues that Plaintiffs' request for a jury trial should be stricken, since the

mortgage contains a jury trial waiver provision.  The jury trial waiver provision is in the last

numbered paragraph before the signature page of the twelve page mortgage document.  (Doc.

No. 1, Ex. A).  The jury trial waiver provision, which is found at the end of page eleven of the

mortgage, provides:

> 25.  Jury Trial Waiver.  The Borrower hereby waives any right to a trial by jury in
> any action, proceeding, claim, or counterclaim, whether in contract or tort, at law
> or in equity, arising out of or in any way related to this Security Instrument or the
> Note.

(Doc. No. 1, Ex. A).

While a party asserting a claim for a violation of the FDCPA has a right to a trial by jury,

see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982), the party may

waive its right to a jury trial so long as the waiver is knowing and voluntary, see Bakrac, Inc. v.

Villager Franchise Systems, Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006)(citations omitted).  In

determining whether a party has knowingly and voluntarily waived its right to a jury trial,

"courts consider the conspicuousness of the waiver provision, the parties' relative bargaining

power, the sophistication of the party challenging the waiver, and whether the terms of the

contract were negotiable."  Id. at 824 (citations omitted).

The Eleventh Circuit has not ruled on the issue of which party has the burden of proving

that the waiver was or was not given knowingly and voluntarily.  See id. at 824, n.1.  In the

instant case, the Court does not need to determine who has the burden, because even if the

2

burden is on Cimarron to prove the validity of the waiver, Plaintiffs must come forward with some proof that calls into question whether the waiver was knowingly and voluntarily given, see Mellon Bank, N.A. v. Miglin, 1993 WL 281111, at *11 (N.D. Ill. April 29, 1993), and Plaintiffs have not done so.

The Court notes that the jury trial waiver provision was conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last numbered paragraph of a relatively short document, and as such, it cannot be considered to be hidden within the document, and (4) it states in clear and unambiguous language that Plaintiffs are waiving their right to a jury trial.  See, e.g., Perez v. Saxon Mortgage Services, Inc., 2006 WL 2868938, at *3 (M.D. Fla. Oct 6, 2006); Belin v. Litton Loan Serving, LP, 2006 WL 2061340, at *1 (M.D. Fla. July 17, 2006); Mellon Bank, 1993 WL 281111, at *12 (finding waiver provision in seven page document that was in the same typeface as every other clause to be conspicuous); Allyn v. Western United Life Assurance Co., 347 F. Supp.2d 1246, 1252-53 (M.D. Fla. 2004)(finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).

Plaintiffs argue that the Eleventh Circuit's "least sophisticated consumer standard" must be applied in determining whether a consumer knowingly and voluntarily waived their right to a jury trial, and under that standard, "it is simply impossible that [a] consumer would or could execute a jury trial waiver 'knowingly, voluntarily, and intelligently.'" (Doc. No. 9, p. 6). Plaintiffs, however, fail to cite a case that holds that a consumer cannot waive their right to a jury trial when they assert claims under the FDCPA, and the Court is not persuaded by their

argument.  Furthermore, this Court notes that other courts have recognized that a party may waive their right to a jury trial for FDCPA claims.  See Miller v. Northwest Trustee Services, Inc., 2005 WL 1711131, at *4, n.4 (E.D. Wash July 20, 2005); In re Taylor, 260 B.R. 548, 556 (Bankr. M.D. Fla. 2000).

Accordingly, the Court finds that Cimarron has shown that Plaintiffs waived their right to a jury trial for their claims against Cimarron.   As such, the Court grants Cimarron's motion and strikes Plaintiffs' demand for a jury trial for claims against Cimarron.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant Cimarron Mortgage Company's Motion to Strike Demand for Jury Trial (Doc. No. 8) is **GRANTED**, and the Court strikes Plaintiffs' demand for a jury trial for claims against Cimarron.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of January, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4